IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| WILLIAM MACDONALD<br>  Plaintiff,<br><br>v.<br><br>COLONIAL SAVINGS and SUBSTITUTE<br>TRUSTEE DAVID R. KARLE,<br><br>  Defendants. | § § § § § § § § § § | Civil Action No. 7:19-cv-83 |

### DEFENDANT COLONIAL SAVINGS, F.A.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. section 1446(a), Defendant Colonial Savings, F.A. ("Defendant"), hereby files this Notice of Removal. In support of this Notice, Defendant states as follows:

### SUMMARY

1. Plaintiff William MacDonald ("Plaintiff") filed this action on March, 1, 2019 in Cause No. CL-19-1271-D in the County Court at Law No. 4, Hidalgo County, Texas, in the matter styled *William MacDonald v. Colonial Savings and Substitute Trustee David R. Karle* (the "State Court Action"). The allegations in Plaintiff's *Original Petition* (the "Petition") relate to the servicing of a mortgage loan ("the Loan") secured by real property located in Hidalgo County, Texas (the "Property"). (Petition at pp.1-2.)

2. Plaintiff contends that Defendant, by wrongfully pursuing foreclosure of the real property which secured his mortgage loan in less 120 days from the date of his default, violated provisions of federal law, namely, 12 C.F.R. § 1024.41(f), which helps implement the federal Real Estate Settlement Procedures Act ("RESPA").

3. Plaintiff seeks declarations that the foreclosure proceedings were improperly commenced by Defendant and seeks injunctive relief, actual damages, and attorneys' fees. *Id., pp.7-8*.

4. Defendant has not been served. This removal is timely as more than thirty (30) days have not passed since Defendant was served. 28 U.S.C. § 1446(b)(2).

5. This action is removable to federal court pursuant to 28 U.S.C. Section 1441(a) because it could have been filed originally in this Court pursuant federal-question jurisdiction conferred by 28 U.S.C. Section 1331.

## BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

6. This action arises under and presents substantial questions of federal law under 12 C.F.R. § 1024.41(f), which helps implement the federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq*. This particular provision, 12 C.F.R. § 1024.41(f), purportedly prohibits mortgage servicers from providing a notice of foreclosure until "[a] borrower's mortgage obligation is more than 120 days delinquent." Moreover, section 1024.41(f) is only enforceable via RESPA, 12 U.S.C. §2605(f). Plaintiff has thus asserted claims in this action arise under federal law and are apparent from the face of Plaintiff's Petition.

7. This Court also has jurisdiction over the claims in the remaining Counts under 28 U.S.C. Section 1367, because these claims arise out of the same operative facts as the Plaintiff's federal claim and "form[] part of the same case or controversy under Article III of the United States Constitution." Removal of this entire cause is therefore proper under 28 U.S.C. Section 1441(c).

8. Removal of this entire cause is therefore proper.

### CONSENT TO REMOVAL

9. Defendant David R. Karle, through his counsel, has consented to this removal. A copy of Mr. Karle's consent is attached hereto as Exhibit C.

### VENUE

10. Venue for removal is proper in this district and division, the United States District Court for the Southern District of Texas, McAllen Division, under 28 U.S.C. Section 1441(a) because this district and division embrace the County Court at Law No. 4 of Hidalgo County, Texas, the forum in which the removed action was pending.

### NOTICE

11. Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of Court for County Court at Law No. 4 of Hidalgo County, Texas.

### CONCLUSION

For the reasons described above, Defendant respectfully requests that this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

*Attorneys for Defendant Colonial Savings, F.A.*

## **LIST OF ALL KNOWN COUNSEL OF RECORD**

For Plaintiff William MacDonald

Juan Angel Guerra
The Law Office of Juan Angel Guerra
1409 N. Stuart Place Road, Suite A
Harlingen, Texas 78552
      (Phone)
956-428-1601 (Fax)
Juanangelguerra1983@gmail.com


For Defendants Colonial Savings, F.A. and David R. Karle

Mark Cronenwett
Texas Bar No. 00787303
Mackie Wolf Zientz & Mann, P. C.
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
(214) 635-2650 (Telephone)
(214) 635-2686 (Facsimile)
mcronenwett@mwzmlaw.com

## INDEX OF DOCUMENTS ATTACHED

Exhibit A    Copy of the Docket Sheet for Cause No. CL-19-1271-D in the County Court at Law No. 4, Hidalgo County, Texas;

Exhibit B

    B-1    Plaintiff's Original Petition, filed on March 1, 2019;

    B-2    Proposed Temporary Restraining Order, filed on March 1, 2019;

    B-3    Signed Temporary Restraining Order, filed on March 5, 2019;

    B-4    Citation issued to David R. Karle, filed on March 5, 2019;

    B-5    Temporary Restraining Order issued to David R. Karle, filed on March 5, 2019;

    B-6    Bond, filed on March 5, 2019;

    B-7    Executed Return of Service on David Karle, filed on March 7, 2019;

    B-8    Return of Temporary Restraining Order issued to David R. Karle, filed on March 7, 2019;

    B-9    Original Answer of Colonial Savings, FA, filed on March 18, 2019; and

    B-10    Original Answer of David R. Karle, filed on March 18, 2019.

Exhibit C

    Consent to Removal of David R. Karle.

## CERTIFICATE OF SERVICE

      I hereby certify that on March 18, 2019, a true and correct copy of the foregoing was served via regular U.S. mail on the following counsel of record:

Juan Angel Guerra
The Law Office of Juan Angel Guerra
1409 N. Stuart Place Road, Suite A
Harlingen, Texas 78552

                                                */s/ Mark D. Cronenwett*
                                                **MARK D. CRONENWETT**