IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| WILLIAM MACDONALD §<br>     Plaintiff, §<br>§<br>v. §<br>§<br>COLONIAL SAVINGS and SUBSTITUTE §<br>TRUSTEE DAVID R. KARLE, §<br>§<br>     Defendants. § | Civil Action No. 7:19-cv-00083 |

**DEFENDANT DAVID R. KARLE'S MOTION FOR JUDGMENT ON THE PLEADINGS**

COMES NOW Defendant David R. Karle ("Trustee Defendant") and files this *Motion for Judgment on the Pleadings* pursuant to Federal Rule of Civil Procedure 12(c) and states as follows:

**I. SUMMARY**

Trustee Defendant is not a necessary party to this cause because he was named solely in his capacity as a trustee under a deed of trust. Trustee Defendant filed his *Original Answer and Verified Plea* on March 18, 2019. Plaintiff William MacDonald ("Plaintiff") failed to file a timely response within 30 days, as required by Texas Property Code section 51.007(b). Therefore, Plaintiff's claims against Trustee Defendant must be dismissed without prejudice pursuant to section 51.007(c).

**II. ARGUMENT AND AUTHORITIES**

**A.     Standard under Federal Rule of Civil Procedure 12(c)**

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." A ruling on a motion for judgment on the pleadings pursuant to Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

To prevail on a motion to dismiss, a defendant must show that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061 (5th Cir. 1994). When considering a Rule 12(b)(6) motion, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000)).

Further, federal district courts in Texas have applied the procedural provisions of section 51.007 when applied to a motion to dismiss. *See Roberson v. Bank of New York Mellon*, No. 3:17-CV-00190, 2018 U.S. Dist. LEXIS 90989, 2018 WL 2446593 (S.D. Tex. May 30, 2018) (adopting a Magistrate Judge's recommendation to dismiss the claims against a trustee under the Texas statute); *Andrade v. Countrywide KB Home Loans*, No. 3:14-CV-3969-K, 2015 U.S. Dist. LEXIS 116967, 2015 WL 5164812, at *15 (N.D. Tex. Sept. 1, 2015) (collecting cases) ("Although this state rule is procedural in nature, district courts in the Fifth Circuit have dismissed the trustee named in a deed of trust or other security instrument who has followed the procedures outlined in Section 51.007 and where the other party failed to file a verified response.").

B. **Trustee Defendant must be dismissed from this action without prejudice under Texas Property Code section 51.007.**

1. Pursuant to Texas Property Code section 51.007, the Court must dismiss Trustee Defendants from this suit. Section 51.007 provides:

> (a) The trustee named in a suit or proceeding may plead in the answer that the trustee is not a necessary party by a verified denial stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument.
>
> (b) Within 30 days after the filing of the trustee's verified denial, a verified response is due from all parties to the suit or proceeding setting forth all

matters, whether in law or fact, that rebut the trustee's verified denial.

(c) If a party has no objection or fails to file a timely verified response to the trustee's verified denial, the trustee shall be dismissed from the suit or proceeding without prejudice.

TEX. PROP. CODE § 51.007. "[T]he text of the statute, the legislative history, and the case law all indicate that Texas Property Code § 51.007 was intended to apply only to trustees or substitute trustees named on deeds of trust or other security documents involved in a foreclosure proceeding." *Vanderbilt Mortg. & Fin., Inc. v. Flores*, No. C-09-312, 2010 U.S. Dist. LEXIS 93484, at *16 (S.D. Tex. Sep. 8, 2010).

2. Trustee Defendant filed a verified denial on March 18, 2019 asserting that he is not a necessary party to this action. (*See* ECF No. 1 at Exhibit B-10). To avoid dismissal pursuant to section 51.007, Plaintiff was required to file a verified response by April 18, 2019. Plaintiff has filed no response to date, either in this Court or state court. Therefore under Texas law, Trustee Defendant "shall be dismissed" from the suit. TEX. PROP. CODE § 51.007(c); *Vela v. U.S. Bank Nat'l Ass'n*, No. 5:13-CV-868-DAE, 2014 U.S. Dist. LEXIS 37945, at *10 (W.D. Tex. Mar. 24, 2014) ("[Trustee] filed his verified denial, in accordance with the above section. . . . Plaintiff failed to file a timely response rebutting [trustee's] verified denial. Because of Plaintiff's failure to respond, § 51.007(c) requires that [trustee] be dismissed from the suit without prejudice."); *see also WAMCO XXVIII, Ltd. v. Casa Grande Cotton Fin. Co.*, 314 F. Supp. 2d 655, 2004 U.S. Dist. LEXIS 11858 (N.D. Tex. 2004) (same); *Smith v. Bank of Am. Corp.*, No. A-13-CV-193 LY, 2013 U.S. Dist. LEXIS 191495, at *17-18 (W.D. Tex. May 1, 2013); *Onyekwere v. Bank of Am., N.A.*, No. 3:13-CV-2557-B, 2014 U.S. Dist. LEXIS 35598, at *11 (N.D. Tex. Mar. 18, 2014); *Navarro v. U.S. Bank Nat'l Ass'n*, No. H-18-4501, 2019 U.S. Dist. LEXIS 25839, at *2-3 (S.D. Tex. Feb. 19, 2019).

3. Plaintiff does not allege any facts against Trustee Defendant or include any claims

against him that do not relate to his involvement as a Substitute Trustee for a scheduled foreclosure sale. (*See* Original Petition at ¶L). Therefore, Plaintiff's allegations are insufficient to support claims against the Trustee Defendant that derive from anything other than his acts as trustee at a foreclosure sale.

4.  Pursuant to Texas Property Code section 51.007, Trustee Defendant filed a verified denial stating the basis for his reasonable belief that he was named as a party solely in the capacity as a trustee under a deed of trust. Because Plaintiff did not respond to that verified denial within thirty days, the Court must dismiss Trustee Defendant from this suit without prejudice as provided in section 51.007.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant David R. Karle prays that his Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) be granted, that all of Plaintiff's claims against him be dismissed, and that he be awarded all other relief to which he may be entitled.

Respectfully submitted,

By: /s/ Mark D. Cronenwett
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

*Attorneys for Defendant David R. Karle*

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 6, 2019, a true and correct copy of the foregoing document was delivered to the following counsel via E-Service:

Juan Angel Guerra
The Law Office of Juan Angel Guerra
1409 N. Stuart Place Road, Suite A
Harlingen, Texas 78552
*Counsel for Plaintiff*

                                          */s/ Mark D. Cronenwett*
                                          **MARK D. CRONENWETT**